# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### STATE OF TENNESSEE v. MACK T. TRANSOU

**Direct Appeal from the Circuit Court for Madison County**
**No. 02-338; 02-339   Roy B. Morgan, Jr., Judge**

---

**No. W2005-02208-CCA-R3-CD   -   Filed October 26, 2006**

---

This matter is before the Court upon the motion of appointed counsel seeking permission to withdraw from further representation of the Appellant in the above-captioned appeal pursuant to Rule 22, Rules of the Tennessee Court of Criminal Appeals.  Counsel claims that there are no meritorious issues available for appellate review.  Counsel has complied with the procedural requirements of Rule 22, Rules of the Tennessee Court of Criminal Appeals.  The Petitioner, Mack T. Transou, has filed a responsive brief pursuant to Rule 22(E), Rules of the Tennessee Court of Criminal Appeals.  After careful review of the motion, the accompanying *Anders* brief, and the appellate record, we agree with counsel's assertion that the appeal has no merit and is, accordingly, frivolous within the meaning of Rule 22, Rules of the Tennessee Court of Criminal Appeals.  Counsel's motion to withdraw is granted and the judgment of the trial court is affirmed pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ.  joined.

Mike Mosier, Jackson, Tennessee, for the appellant.

Paul G. Summers, Attorney General & Reporter, for the appellee, the State of Tennessee.

1

## MEMORANDUM OPINION

On September 14, 2005, the Appellant, Mack T. Transou, entered guilty pleas to two counts of aggravated robbery and two counts of aggravated rape in Madison County cases numbers 02-338 and 02-339, reserving the following certified question of law, "Did the trial court err in failing to suppress the evidence of a DNA sample taken from the Defendant because he contends that the same was taken in violation of his constitutional right against unreasonable search and seizure[]." For the aggravated burglary convictions, the Appellant received sentences of fifteen years as a career offender. For the aggravated rape convictions, the Appellant received sentences of sixteen years as a violent offender. The sentences for the aggravated rape and aggravated burglary convictions were ordered to be served concurrent with one another but consecutive to the sentences imposed in Madison County cases, number 02-359 and number 02-360, for a "[t]otal effective sentence of [fifty] years [at one hundred percent]."[1] A timely notice of appeal was filed.

The proof at the guilty plea hearing regarding case number 02-338 provided that, on or about April 8, 2002, the Appellant unlawfully entered the home of B.M.[2] and committed the offense of aggravated rape resulting in bodily injury to the victim. The proof regarding case number 02-339 provided that, on or about January 22, 1999, the Appellant unlawfully entered the home of S.K.[3] and, armed with a knife, committed the offense of aggravated rape resulting in bodily injury to the victim.

In case number 02-339, the Appellant was initially identified as the perpetrator of the offense solely by a CODIS[4] match of the Appellant's DNA sample with a sample taken from the rape victim. The Codis sample was obtained from the Appellant while at West Tennessee State Penitentiary in 1999 for service of a sentence resulting from a 1997 felony conviction. The blood sample was provided in conjunction with the standard intake procedures at the prison facility. This sample provided by the Appellant in 1999 resulted in the CODIS match of his DNA to a DNA sample taken

---

[1]In case number 02-359, a Madison County jury found the Appellant guilty of rape and sexual battery. *See State v. Mack T. Transou*, No. W2004-01475-CCA-R3-CD, 2005 WL 1541859 at * 1 (Tenn. Crim. App., at Jackson, Jun. 30, 2005), *aff'd by*, *State v. Scarborough*, – S.W.3d – (Tenn. Aug. 28, 2006), *petition to reconsider denied*, (Sept. 19, 2006). The facts supporting this conviction reveal that, on March 17, 2002, the Appellant entered the bedroom of a sixty-two-year-old woman living in a boarding house. *Id*. The Appellant then vaginally raped the victim and performed oral sex on her. *Id*. In case number 02-360, a Madison County jury found the Appellant guilty of aggravated burglary and rape. *See State v. Mack T. Transou*, No. W2003-02966-CCA-R3-CD, 2005 WL 1154345 at *1 (Tenn. Crim. App., at Jackson, May 13, 2005), *aff'd by*, *State v. Scarborough*, – S.W.3d – (Tenn. Aug. 28, 2006), *petition to reconsider denied*, (Sept. 19, 2006). The facts supporting this conviction reveal that, on December 23, 2001, the Appellant unlawfully entered the home of S.K. *See infra n.2*. The Appellant, despite resistance from the victim, succeeded in raping her and, then, successfully fled the scene. *Id*.

[2]It is the policy of the appellate courts to identify the victims of sexual offenses by their initials. *See State v. Scarborough*, – S.W.3d – at n.1.

[3] *Supra,* n.2.

[4]CODIS is a local, state, and national database of DNA profiles collected from crime scene evidence as well as convicted offenders.

from the rape of S.K. In May 2002, as a result of the match, the Appellant was taken into custody for questioning and submitted another blood sample for the purpose of performing a "confirmatory test comparing the DNA profile from the known blood sample to the evidentiary sample for confirmation." The 2002 blood sample confirmed a match with the 1999 rape of S.K. There was an unsolved 2001 rape of S.K. as well as the unsolved rape of C.T. in March 2002 and the unsolved rape of B.M. in April 2002. All four rapes involved similar factual circumstances. The samples of evidence collected from these three unsolved rapes matched the known sample of Appellant Transou.

In his motion to suppress, the Appellant alleged that the 1999 blood sample obtained from his person at West Tennessee State Penitentiary was an illegal search of his person as the DNA sample was obtained in violation of Tennessee Code section 40-35-321(d)(1), in that the underlying offense was not committed on or before July 1, 1998. The Appellant also argued that the 2002 blood sample must also be suppressed as it was not consensual.

The Tennessee Supreme Court recently addressed the issue reserved as a certified question of law by the Appellant. In addressing the DNA samples obtained from Appellant Mack Transou in as much as the samples related to the Appellant's identification as the perpetrator in Madison County cases numbers 02-359 and 02-360, the supreme court held that "[w]hen [Appellant Transou] submitted to a blood draw in September 1999,[] Transou did not fall within the parameters of the DNA collection statute.[]" *Scarborough*, – S.W.3d at – (footnotes omitted). The supreme court further held that Appellant Transou "validly consented to the blood draw [at West Tennessee State Penitentiary] and its subsequent analysis." *Id.* The Tennessee Supreme Court did not address the validity of the Appellant's consent to the May 2002 blood sample. *Id.* at n.3.

In the direct appeals from case numbers 02-359 and 02-360, this Court reviewed the trial court's finding that the Appellant's May 2002 consent was "freely, voluntarily and intelligently given." *See State v. Mack T. Transou*, No. W2004-01475-CCA-R3-CD, 2005 WL 1541859 at * 1; *State v. Mack T. Transou*, No. W2003-02966-CCA-R3-CD, 2005 WL 1154345 at *1. From a review of the record in the present case, the appellate record in Madison County case number 02-359, and the appellate record in Madison County case number 02-360, it appears that one suppression hearing was held regarding the validity of the Appellant's 1999 and 2002 blood samples on January 9, 2003. Thus, this Court has previously reviewed the validity of the May 2002 consent on two prior occasions. On both occasions, this Court upheld the trial court's finding that the consent was freely, voluntarily and intelligently given.

Appointed counsel has filed a Rule 22 motion and accompanying brief stating that after a conscientious review of the record and law, he has found nothing in the record that might arguably support an appeal. We agree. This Court has previously upheld the decision of the trial court finding the Appellant's May 2002 consent to a blood sample was freely, voluntarily and intelligently given. Our Supreme Court has determined that the 1999 blood sample collected during routine inmate intake at West Tennessee State Penitentiary was voluntarily given. Our review of the record and the relevant legal authority in this matter convinces us that no reason exists not to adopt the holdings of

3

the Tennessee Supreme Court and of two prior panels of this Court who have previously affirmed the trial court's findings on the identical issues arising from the same proceeding. In addition, we have considered counsel's Rule 22 brief. Based upon our review of the record and pleadings, we agree with counsel's assertion that the appeal has no merit and is frivolous within the meaning of Rule 22, Rules of the Court of Criminal Appeals. Accordingly, appointed counsel Mike Mosier's motion to withdraw is granted. We are convinced that the trial court reached the correct result. Because an opinion in this matter would have no precedential value, we affirm the trial court's action in accordance with Rule 20, Rules of the Tennessee Court of Criminal Appeals.

_____
DAVID G. HAYES, JUDGE